# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2019

_____

United States of America

*Plaintiff - Appellee*

v.

Theotis Thornton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 8, 2026
Filed: July 7, 2026
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Theotis Thornton pleaded guilty to possessing methamphetamine and phencyclidine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(a), being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). He appeals

his conviction, arguing that the district court[1] erred in denying his motion to suppress evidence seized during a search of a house. We affirm.

The Government notes that Thornton's appeal is untimely because it was filed one day after the fourteen-day period prescribed by Federal Rule of Appellate Procedure 4(b)(1)(A) ended. "Normally, when a criminal defendant's notice of appeal is fewer than thirty days late, as here, we remand to the district court" so that it may decide whether to extend the filing deadline under Federal Rule of Appellate Procedure 4(b)(4). *United States v. Austin*, 217 F.3d 595, 598 (8th Cir. 2000). But because "[t]he time limit on criminal appeals is a claims-processing rule . . . there is no jurisdictional bar to our considering the appeal." *United States v. Whitbeck*, 869 F.3d 618, 619 (8th Cir. 2017) (considering merits of appeal after administrative panel allowed it to proceed despite potential timeliness issue).

Thornton's guilty plea was unconditional. "It is well established in this Circuit that a defendant who pleads guilty waives all nonjurisdictional defenses," including "all suppression issues not expressly reserved by a conditional plea." *United States v. Villa-Madrigal*, 683 F.3d 924, 926 (8th Cir. 2012) (citation modified). As in *Villa-Madrigal*, Thornton entered a knowing and voluntary plea, and "there is nothing in the record that could have reasonably led [him] to expect that he could appeal the denial of his motion to suppress." *See id.* (citation modified). Therefore, he cannot challenge the denial of his motion.

Accordingly, we affirm. *See United States v. Limley*, 510 F.3d 825, 828 (8th Cir. 2007).

_____

[1]The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.